Love,
dissenting: I dissent in these cases on two phases.
First, I am opposed to the policy adopted by the Board in refusing co accept a stipulation of fact signed by petitioner and respondent -and filed prior to the first hearing in this case. That stipulation was a stipulation of facts, notwithstanding it did involve a legal conclusion based on facts known to the Commissioner, but not set out in the stipulation. I believe the case should have been decided on those stipulations. I do not believe that Congress designed to constitute this Board a guardian of the Commissioner of Internal Revenue or a 'guardian of the rights of taxpayers. The Commissioner’s office is supplied with competent counsel and experts who are qualified to take care of its interests and who should be held responsible for the conduct of its affairs. Taxpayers are presumed to procure and be guided by competent counsel. When both parties come before the Board, as they may do before a district court, with a signed stipulation of facts, my inclination is to accept such stipulation and, applying the law, decide the issues involved.
Second, since a rehearing was ordered and in view of the evidence presented at that hearing, I agree with the decision reached as a result of that hearing in regard to income that is taxable and as to that which" is exempt. I do not agree, however, with the decision wherein it refuses to allow a deduction of all expenses from the taxable part of the income and attempts to allocate, in a “ reasonable ” way such expenses to both taxable and exempt income. The statute is not ambiguous. The statutory method of determining net taxable income is laid down and expressed in plain English, and in order to reach the conclusion reached in this case, something must be read into the statute that can not, legitimately, be imputed to the words used therein.
Section 213 of the Revenue Acts of 1918 and 1921 defines gross income and prescribes what it shall include and what it shall not include. Income that is exempt is expressly excluded.
*345 Section 214 defines net income and prescribes that the amount of net income shall be obtained by deducting from gross income “ all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.”
Because in a particular case the application of the mandate of the statute appears to result in an inequitable or incongruous situation, is not sufficient grounds for a court or this Board to disregard the statutory provisions. This Government is a government by law, and all judicial tribunals should decide cases according to the prescribed law, and not attempt to deal out substantial justice as the particular judge or court may believe such justice to be. When the statute blazes the road, the courts must follow that road.
I believe it may be truthfully and conservatively stated that there are hundreds of banks and trust companies in the United States that handle, regularly, in their business, millions of dollars worth of Government bonds, the interest on which is exempt, and also other securities the income on which is exempt. The expense of handling such matters is uniformly, so far as I know, included in the general expense account of such institutions and deducted from gross income which does not include exempt income. I believe these taxpayers’ return should be handled in the same manner.